UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA EBANKS,

    Plaintiff,

v.                                                             Case No: 8:15-cv-2073-T-JSS

OLD REPUBLIC EQUITY CREDIT
SERVICES, INC.,

    Defendant.
_____/

## **ORDER ON PLAINTIFF'S MOTION IN LIMINE**

THIS MATTER is before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Alleged Debt. (Dkt. 38.) Plaintiff moves to exclude evidence that Plaintiff owes a debt to Defendant on the basis that such evidence is irrelevant to the narrow issue before the Court of whether Defendant sent a validation notice to Plaintiff as required under 15 U.S.C. § 1692g(a) and that the admission of such evidence would "diminish the fairness of the trial in this case." (Dkt. 38.) Defendant has not filed a memorandum in opposition to Plaintiff's Motion in Limine and the time within which to do so has now expired.

This case is set for a non-jury trial on November 1, 2016, (Dkt. 41), to resolve the issue of whether Defendant violated the "Validation of Debts" provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, by failing to provide Plaintiff with a validation letter five days prior to attempting to collect an alleged debt, (Dkt. 36). Upon consideration, the Court finds that the need for an advanced ruling to exclude evidence of this nature is unnecessary given that the trial in this case is a non-jury trial and given the narrow issue presented for trial. *See In re Watkins*, 343 F. App'x 245, 246 (9th Cir. 2009) ("[I]n a bench trial, the need for an advanced ruling on a motion in limine to exclude evidence is 'generally superfluous' and unnecessary." (quoting

*United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009))); *Singh v. Caribbean Airlines Ltd.*, No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014) ("The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence."); *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009) ("[T]hat this is a bench trial weighs heavily in favor of denying the motions in limine and addressing the issues raised if and when they come up at trial.").

Accordingly, it is **ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Alleged Debt (Dkt. 38) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on October 4, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record