# UNITED STATES DISTRICT COURT
## for the
## Middle District of Florida
## (Tampa Division)

Christina Ebanks

    Plaintiff

vs.                                                       Case No.: 8:15-CV-2073-EAK-JSS

Old Republic Equity Services, Inc.

    Defendant.                 /

## **DEFENDANT'S TRIAL BRIEF**

COMES NOW the Defendant, Old Republic Equity Services, Inc., (hereafter "OREC") and serves this its Trial Brief pursuant to the Court's Case Management and Scheduling Order (Dkt. 12), and ¶9 of the Pretrial Order, (Dkt. 35),[1] and states as follows:

BACKGROUND

On September 8, 2015, the Plaintiff, CHRISTINA EBANKS, (hereafter "EBANKS") filed suit against OREC alleging violations of 15 U.S.C. §1692 *et seq.* (the "**FDCPA**") and

---

[1] That paragraph of the Pretrial Order provides:
**Trial Briefs**. In accordance with the Court's Case Management and Scheduling Order (Dkt. 12), not later than seven (7) days prior to the date on which the trial term is set to commence, the parties shall file with the Clerk of Court the following (and as to each of the following, provide directly to Chambers, by mail or hand-delivery, a "Judge's Courtesy Copy," so marked):
    a. Each side shall file a Trial Brief, with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial; and
    b. Proposed Findings of Fact and Conclusions of Law (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

Chapter 559 of the Florida Statutes (the "**FCCPA**"). Following discovery, OREC filed a motion for summary judgment (Dkt. 19). On July 29, 2016, the Court entered an Order Granting in Part and Denying in part OREC's motion for summary judgment. (Dkt. 30) Summary judgment was granted in favor of OREC as to the **FCCPA** claim (Count III) for harassment, as well as the **FDCPA** claim for harassment (Count II). OREC's motion for summary judgment was denied as to EBANKS's remaining claim that OREC violated the **FDCPA** by failing to provide the "Validation of Debts" notice required by 15 U.S.C. §1692g. Based upon the Order Granting in Part and Denying in Part OREC's motion for summary judgment, the only remaining claim for trial is EBANKS's claim that OREC failed to provide EBANKS with the information required by 15 U.S.C. § 1692g(a)(1)-(5) in its initial communication with her. OREC asserts that: 1) it did not violate the "Validation of Debts" section of the **FDCPA**, and 2) any claim by EBANKS that it did fail to provide the "Validation of Debts" notice is barred by the one year statute of limitations of the **FDCPA**, Specifically, subsection 15 U.S.C. § 1692k(d).

### A. Legal Argument and Citation of Authorities

EBANKS alleges in "Count One" of her complaint that OREC violated the "Validation of Debts" section of the FDCPA. That section, applies to the initial communication between the debt collector and the consumer debtor. The "Validation of Debts" notice requirements are enumerated in 15 U.S.C. §1692g(a)(1)-(5). That section provides in relevant part:

§ 1692g. Validation of Debts
(a) Notice of debt; contents. **Within five days after the initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt
    of the notice, disputes the validity of the debt, or any portion thereof, the
    debt will be assumed to be valid by the debt collector;
    (4) a statement that if the consumer notifies the debt collector in writing
    within the thirty-day period that the debt, or any portion thereof, is
    disputed, the debt collector will obtain verification of the debt or a copy
    of a judgment against the consumer and a copy of such verification or
    judgment will be mailed to the consumer by the debt collector; and
    (5) a statement that, upon the consumer's written request within the thirty-
    day period, the debt collector will provide the consumer with the name
    and address of the original creditor, if different from the current creditor.
  (b) Disputed debts. If the consumer notifies the debt collector in writing within
  the thirty-day period described in subsection (a) that the debt, or any portion
  thereof, is disputed, or that the consumer requests the name and address of the
  original creditor, the debt collector shall cease collection of the debt, or any
  disputed portion thereof, until the debt collector obtains verification of the debt
  or a copy of a judgment, or the name and address of the original creditor, and a
  copy of such verification or judgment, or name and address of the original
  creditor, is mailed to the consumer by the debt collector. . . . (emphasis added).

    If the initial communication is by letter, then the date the letter is *sent* rather than the date the letter was *received* is important for determining the statute of limitations. See *Hampton-Muhamed v. James B. Nutter & Co.,* No. 8:15-cv-608-T-27TGW, 2015 U.S. Dist. LEXIS 155949, at *10 (M.D. Fla. Nov. 17, 2015) (stating that an FDCPA claim accrues the day after a collection letter is mailed)(citing *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995)). The rationale for using the date the letter was sent is that it is the last date the debt collector could have complied with the FDCPA. The one year limitations period begins to run on the day following the date the letter is mailed since courts follow Rule 6(a) of the Federal Rules of Civil Procedure for calculation of the limitations period. See *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995). Further, if the "Validation of Debts" notice is not included with the initial communication, the debt collector has five days to provide the "Validation of Debts" notice in a

subsequent letter.  <u>Maloy v. Phillips</u>, 64 F.3d 607, 608-09 (11th Cir. 1995)("[i]f the initial collection letter did not provide this information, Phillips would have until  five days after the initial communication to comply with the requirements of § 1692(g), and the claim under this sub-section would thus not have ripened until five days after the initial letter. . . .").

I.	The initial communication

Though the FDCPA does not define the term "initial," it does define "communication" as the conveying of information regarding a debt directly or indirectly to any person through any medium.  15 U.S.C. § 1692a(2).  Whether a communication between a debt collector and a consumer will be deemed to be governed by the FDCPA is dependent upon the subject of the communication.  The communication must convey information about a debt and seek to induce payment."  <u>See</u> <u>Caceres</u>, 755 F.3d at 1302; <u>see also</u> <u>Galle v. Nationstar Mortg., LLC</u>,  2016 U.S. Dist. LEXIS 99446, at *6 (M.D. Fla. July 28, 2016)(citing <u>Roth v. Nationstar Mortg., LLC</u>, 2016 U.S. Dist. LEXIS 86044 (M.D. Fla. July 1, 2016) and <u>Dyer v. Select Portfolio Servicing, Inc.</u>, 108 F. Supp. 3d 1278, 1281 (M.D. Fla. 2015)).

The phrase "initial communication"  has been interpreted as the **first communication** between the debt collector and the consumer debtor.  <u>See</u> <u>Caceres v. McCalla Raymer, LLC,</u> 755 F.3d 1299, 1301 (11th Cir. 2014);  <u>Peterson v. Portfolio Recovery Assocs., LLC.,</u> 2011 US App LEXIS 11453 (3d Cir. 2011) (stating that "there can be only one 'initial communication' between debt collector and consumer, and any communication that follows the 'initial communication' is necessarily *not* an 'initial' communication.")(emphasis in original)); <u>Frey v. Gangwish</u>, 970 F.2d 1516, 1518 (6th Cir. 1992).  In <u>Peterson</u>, the court stated that "[i]n the context of 15 U.S.C.S. §1692g(a); debt collector has no obligation to send validation notice with any communication

other than initial communication."

OREC asserts that the March 25, 2009, letter was the initial communication about the debt.[2] That letter contains the "Validation of Debts" notice required by 15 U.S.C. §1692g(a). EBANKS never disputed that the notice included with the March 25, 2009, letter failed to comply with the requirements of the "Validation of Debts" requirements. Rather, her contention is that she never received the letter.

EBANKS does not allege the exact date she first received a communication from OREC relating to the debt with an inducement to pay the debt. For example, EBANKS alleges in the complaint that communications occurred as early as October 2007. Second, in response to discovery EBANKS admits that on May 6, 2009, she signed a letter from OREC relating to the short sale of the property which was subject to the second mortgage owned by OREC. EBANKS also admitted in responses to discovery that she made payments to OREC on the debt between May 2009 and August 2012, and then demanded a refund of the payments in August 2012. Any of these communications which conveyed information about the debt and sought to induce EBANKS to make payment toward the debt, would qualify as an initial communication, if the March 25, 2009, letter is ignored. So undisputedly, as early as May 6, 2009, there was communication about the debt between OREC and EBANKS.

II. Statute of Limitations

OREC asserts as an affirmative defense to EBANKS's complaint that EBANKS's claim for violation of the FDCPA was barred by the one year statute of limitations provided in the Act.

---

[2] The letter was included with OREC's motion for summary judgment but was not considered by the Court since OREC did not submit an affidavit authenticating the March 25, 2009, letter or proving that the letter was mailed to EBANKS. See (Dkt. 30, page 4)

The FDCPA provides in subsection 15 U.S.C. §1692k(d), entitled "Jurisdiction" that "[a]n action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs**." (Emphasis added). In cases based upon a letter sent to a consumer, the statute of limitations begins to run on the day after the debt collector mails the letter. *See Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995)*(citing Mattson v. U.S. West Communications, Inc.*, 967 F2d 259 (8th Cir. 1992). The rationale is that the FDCPA is designed to regulate conduct of debt collectors so an FDCPA claim accrues on the date of the debt collector's last opportunity to comply with the [FDCPA]).[3]

OREC asserts that the initial communication occurred when it sent the letter to EBANKS on March 25, 2009, and that the claim for failing to comply with the "Validation of Debts" notice accrued at that time. Absent proof that it was mailed on March 25, 2009, evidence establishing when the first communication occurred will act as the date for the accrual of this action. Since EBANKS admits to several communications with OREC about the debt, including her alleged instructions to cease and desist collection efforts many years before bringing this suit, OREC

---

[3] There is no claim that a continuing violation occurred, nor can one be alleged based upon the claim asserted. The continuing violation doctrine is based on "the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Hawkins v. Hamlet*, Ltd., 296 F. App'x 918, 920 (11th Cir. 2008) (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir.2001)). The Eleventh Circuit has noted that the "critical distinction in the continuing violation analysis ... is whether the plaintiffs complain of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Knight v. Columbus, Georgia*, 19 F.3d 579, 580 (11th Cir. 1994) (quotation omitted).

asserts that the one year statute of limitations expired prior to the filing of this action.

Importantly, EBANKS alleges "[a]s far back as October of 2008, [EBANKS] informed [OREC] that [OREC] was not owed any money. . . [y]et [OREC] chose to contact [EBANKS] without regard to [her] lawful rights. . . and argu[e] with [her] about the validity of the debt."[4] In paragraph 8 of the complaint EBANKS alleges that she "issued cease and desist instructions to [OREC] on or about October 2007," and in the following paragraph she added that OREC "continued to contact [EBANKS] in regards to the alleged debt that [she] had disputed." In addition, EBANKS asserts in paragraph 59 of the complaint that OREC "knew that [EBANKS] refused to pay the alleged debt as of October 2007." The allegation was reiterated in paragraph 73 of the complaint. As a result, the initial communication, whether it was OREC's March 25, 2009, letter or any of EBANKS's alleged communications in 2007, occurred many years prior to the filing of this action on September 8, 2015.

As a result, even if a violation of 15 U.S.C. §1692g(a) occurred, which OREC maintains it did not, the claim is barred by the one year statute of limitations in 15 U.S.C. §1692k(d). The filing of the lawsuit was more than five years after the initial communication, thus the FDCPA's one-year statute of limitations has long since run, and EBANKS's claim is barred. _See_ 15 U.S.C. § 1692k(d). Therefore, EBANKS's complaint should be dismissed as untimely and frivolous. _See_ _Fish v. GEICO Ins._, No. 8:14-cv-919-T-30TBM, 2014 U.S. Dist. LEXIS 75384, at *7 (M.D. Fla. May 22, 2014).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

---

[4] See "Preliminary Statement" to EBANKS's complaint.

1  email on W. JOHN GADD, ESQUIRE, and LISA WILCOX, ESQUIRE attorneys for the

2  Plaintiff, Christina Ebanks this 27st day of October 2016, to: Wjg@mazgadd.com and

3  lisa@wilcoxlawpa.com

```
                                    /s/ Robert A. Vigh
                                    ROBERT A. VIGH
                                    FBN 0991902
                                    SOLOMON, VIGH, P.A.
                                    P.O. BOX 3275
                                    TAMPA, FL 33601-3275
                                    (813)229-0115 TELEPHONE
                                    (813)229-2158 FAX
                                    RVIGH@SGV-LAW.COM
                                    ROBVIGH@GMAIL.COM
```