**IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION
Case No. 8:15-CV-2073-EAK-JSS**

**CHRISTINA EBANKS**


**Plaintiff,**


**v.**


**OLD REPUBLIC EQUITY SERVICES, INC.
Defendants.**


_____/

## <u>PLAINTIFF'S TRIAL BRIEF</u>

Plaintiff, by and through the undersigned counsel, pursuant to the Case Management and Scheduling Order (Dkt. 12), hereby submits her trial brief related to proposed findings of fact and conclusions of law likely to arise at trial, and states as follows:

## PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding unlawful contact made by Defendant.   Plaintiff maintains this action pursuant 15 U.S.C. §1692k(d) (the "FDCPA")  Accordingly, the Court has federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff, an individual and "unsophisticated consumer", instituted this action for actual and statutory damages, as well as the costs of this action against Defendant, who is a debt

1

collector, for violations of 15 U.S.C. 1601 et. seq. and Chapter 559.72(7) of the Florida Statutes. Venue is proper in this Court as Plaintiff and/or Defendant resides in this District and/or the complained of actions occurred in this District.  There are no unresolved jurisdictional questions in this case.

The Defendant violated the "Validation of Debts" provision of the FDCPA by failing to provide the Plaintiff with the information required by 15 U.S.C. § 1692g(1)-(5) and that claim is the only remaining claim requiring resolution by this Court.

Defendant violated 15 U.S.C. § 1692g (1)-(5) by failing to follow the law and provide Plaintiff with a validation letter five days prior to attempting to collect the debt.

The evidence will show that Plaintiff's FDCPA claim is not barred by the one year statute of limitations because the statute of limitations does not begin to run until the Defendant provided the Plaintiff with written notice of the criteria set forth in 15 U.S.C. § 1692g(a)(1)-(5) "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." 15 U.S.C.  § 1692g(a).  Defendant failed to provide said notice to the Plaintiff. Therefore, the 1 year statute of limitations under Section 1692k(d) of the FDCPA has not yet begun to run and that the Defendant has zero admissible evidence that it mailed the notice to the Plaintiff.

### FINDINGS OF FACT

1.      Plaintiff reasonably believed that she did not owe any debt to Defendant because the HUD-1 closing statement reflected that Defendant had been paid $3500 in full for the release of the mortgage as part of the short sale of the Plaintiff's homestead residence located at 2500 Winding Creek Blvd., #D 104, Clearwater, Florida 33761.

2.      Defendant has no evidence that it mailed the 1692 (g) letter.  Further, Defendant fails to address or produce any evidence that it used the correct postage or even mailed the letter to the Plaintiff's correct mailing address.

3.      Defendant has no admissible evidence that it mailed the Plaintiff the properly conformed initial communication letter within five days of attempting to collect the debt.

## ARGUMENTS OF LAW

To prevail on an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.*A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)(quoting *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)).   The Fair Debt Collection Practices Act ("Act") "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G.C. Serv. Corp.,* 677 F.2d 775, 777 (9th Cir.1982).   The FDCPA requires all debt collectors to provide debtors with a written "Validation of Debt Notice" ("Notice") within five days after the initial communication with a consumer.   Notably, Defendant's self-serving testimony should not meet the burden that it actually provided Plaintiff with the statutorily required Notice.   Moreover, it is clear from the recorded conversation played during the Plaintiff's deposition, that Plaintiff did not received any notices in the mail regarding the debt.  The Defendant has introduced inadmissible hearsay evidence to support its

3

contention that it mailed the debt validation letters.

As Defendant argues, for purposes of computing the statute of limitations, the statute begins from the date the debt collector mails the debt validation letter. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (following the approach that "that  the statute of limitations began to run on the date the letter was mailed because that was the debt collector's last opportunity to comply with the FDCPA") (citing *Mattson v. U.S. West Communications, Inc.,* 967 F.2d 259, 261 (8th Cir.1992)); *see also Zenon v. Palisades Collection, LLC*, No. 807-CV-2198T-30MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008).   Since Defendant never mailed the debt validation letter to Plaintiff, her claim is clearly not barred by the statute of limitations.

In accordance with the "Mailbox Rule" Defendant fails to address or produce any evidence that either it used the correct postage or even mailed the letter to the Plaintiff's correct address.   In the majority of cases a debt collector produces a tracking number or some other form of evidence that it actually mailed the letter. The Defendant has not provided any evidence that it had any policies and procedures in place to confirm that the Notice was mailed.  Further, the Defendant has no actual knowledge if either it or its agent was complying with Florida and Federal debt collection laws.   Plaintiff will prevail on her FDCPA claim because the Defendant cannot produce any evidence to support the fact that it mailed her the debt validation letter. *Pace v. Portfolio Recovery Associates*, LLC., 872 F. Supp. 861 (WD Missouri 2013).

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 1692f. Debt collectors may collect only amounts that are "expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f(1). Moreover, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the

4

collection of any debt." Id. § 1692e.  In this case, Defendant cannot show that it was entitled to collect

any amount of money from the Plaintiff.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the

following:

(1)  Statutory damages pursuant to 15 U.S.C. 1601;
(2)  Fair and reasonable costs of this action, court costs and attorney's fees.

_/s/Lisa Wilcox _____

FBN: 697291
Wilcox Law, P.A.
721 First Avenue North, Suite 100
St. Petersburg, Florida 33701
888-945-2695
lisa@wilcoxlawpa.com

**/s/ W. John Gadd**
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on **October 27, 2016** I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to Defendant's counsel.

**/s/ Lisa Wilcox**

_____

Lisa R. Wilcox, Esquire
FBN: 697291

6