UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA EBANKS,

    Plaintiff,

v.                                                   Case No: 8:15-cv-2073-T-JSS

OLD REPUBLIC EQUITY CREDIT
SERVICES, INC.,

    Defendant.
_____/

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER is before the Court on Plaintiff's Complaint against Defendant, Old Republic Equity Credit Services, Inc. ("Old Republic"), alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. (Dkt. 1.) Defendant answered and denied Plaintiff's claims. (Dkt. 6.) The Court held a bench trial in this matter on December 2, 2016. For the reasons stated below, judgment is entered in favor of Defendant.

### BACKGROUND

Under the FDCPA, debt collectors must provide consumers with written notice of specific information related to the debt either in the initial communication with the consumer in connection with the collection of the debt or within five days after the initial communication. 15 U.S.C. § 1692g(a). If a debt collector fails to provide such notice, the consumer may bring an FDCPA action "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

In this case, Christina Ebanks testified that she received a telephone call in March 2009 from Old Republic concerning an alleged debt. Ms. Ebanks alleges that Old Republic failed to send her written notice of the information related to the debt as required by Section 1692g(a) within five days of the telephone call. Because the initial communication, and the alleged subsequent

violation, occurred in 2009, the Court concludes that Ms. Ebanks's claim is barred by the statute of limitations. Moreover, because Old Republic sent a proper written notice to Ms. Ebanks, the Court concludes that Old Republic did not violate the FDCPA.

## FINDINGS OF FACT

Plaintiff, Christina Ebanks, is a consumer, as defined in the FDCPA. Defendant, Old Republic Equity Credit Services, Inc., is a debt collector, as defined in the FDCPA, who attempted to collect an alleged debt from Ms. Ebanks in connection with the short sale of Ms. Ebanks's home.[1] In March 2009, Ms. Ebanks received a telephone call from a representative employed by Old Republic. The representative informed Ms. Ebanks that she owed a debt and demanded payment of the alleged debt. The representative did not specify a method of payment, but he did provide a mailing address where payments could be sent. In a letter addressed to Ms. Ebanks dated March 25, 2009, Old Republic provided Ms. Ebanks with information regarding the alleged debt.

Subsequently, Ms. Ebanks made several payments to Old Republic, totaling $1,150. Ms. Ebanks sent each payment by mail to the address provided by Old Republic's representative. Ultimately, upon questioning her obligation to make such payments, Ms. Ebanks sent two letters to Old Republic requesting a refund. On September 8, 2015, Ms. Ebanks filed a complaint against Old Republic, alleging violations of Section 1692g of the FDCPA (Count I), Section 1692d of the FDCPA (Count II), and Section 559.72 of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–.785 (Count III). (Dkt. 1.)

In July 2016, Old Republic's Motion for Summary Judgment was granted as to Counts II and III and denied as to Count I. (Dkt. 30.) In Count I, Ms. Ebanks alleges that Old Republic violated Section 1692g of the FDCPA by failing to provide her with a debt validation letter as

---

[1] The preceding facts are undisputed. (Dkt. 6 ¶¶ 6, 7, 28, 61, 62.) Additionally, Old Republic admits that it was obligated to provide Ms. Ebanks with a validation-of-debts notice under Section 1692g(a). (Dkt. 6 ¶ 64.)

required under Section1692g(a).  (Dkt. 1 ¶¶ 60–65.)  A one-day bench trial was held before the undersigned on this matter on December 2, 2016.

## CONCLUSIONS OF LAW

The FDCPA is a consumer protection statute, *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014), that imposes civil liability on debt collectors for certain prohibited debt collection practices, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010).  In particular, the "Validation of Debts" provision of the FDCPA requires debt collectors to provide consumers with written notice of the criteria set forth in 15 U.S.C. § 1692g(a) either in the initial communication with a consumer or within five days after the initial communication, providing:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

**A. Statute of Limitations**

The protections of Section 1692g are triggered when a debt collector makes an "initial communication" with a consumer. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1272 (11th Cir. 2016). The FDCPA "provides no definition of initial communication," *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014), but it defines communication broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium," 15 U.S.C. § 1692a(2), including telephone calls and letters. *See Caceres*, 755 F.3d at 1303 (letter); *Ponce v. BCA Fin. Servs., Inc.*, 467 F. App'x 806, 807 (11th Cir. 2012) (telephone call). An action to enforce liability created by the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). A claim under Section 1692g(a) ripens five days after the initial communication. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995).

At trial, Ms. Ebanks testified that Old Republic's initial communication with her occurred in March 2009 in the form of a telephone call with a representative from Old Republic. She testified that the representative informed her that she owed a debt and demanded payment of the debt, but she was not provided any information regarding the amount owed or the right to dispute the debt. Therefore, under Section 1692g(a), Old Republic was required to provide Ms. Ebanks with a written validation-of-debts notice within five days of its telephone call with Ms. Ebanks. Ms. Ebanks testified that she never received the written notice.

Although Ms. Ebanks does not recall the specific date on which the telephone call with Old Republic occurred, she testified that it occurred in March 2009 and that she did not receive a written notice five days later, or at all. Therefore, given Ms. Ebank's testimony, the deadline for Ms. Ebanks to bring an action under the FDCPA was, at the latest, April 2010. But Ms. Ebanks

did not file suit in this case until September 2015. Accordingly, based on Ms. Ebanks's testimony, her claim is barred by the FDCPA's one-year statute of limitations. *See Crossman v. Asset Acceptance, LLC*, No. 5:14-CV-115-OC-10, 2014 WL 2612031, at *5 (M.D. Fla. June 11, 2014) (rejecting the plaintiff's theory of a continuing FDCPA violation and finding that, in accordance with other federal court decisions, "the FDCPA's one-year statute of limitations period . . . does not continue to run indefinitely"). Nevertheless, as will be discussed below, the evidence presented at trial establishes that Old Republic's initial communication with Ms. Ebanks occurred on March 25, 2009, and Old Republic complied with the requirements under Section 1692g(a). And, regardless of Old Republic's liability, Ms. Ebanks's claim is barred by the one-year statute of limitations.

**B. Liability**

Section 1692g(a) of the FDCPA provides that a debt collector must communicate to the debtor, either in the initial communication with a consumer or within five days after the initial communication, the following information: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; and (3) statements regarding the consumer's right to dispute the debt, obtain verification of the debt, or obtain the name and address of the original creditor.[2] *Newman v. Ormond*, 396 F. App'x 636, 639 (11th Cir. 2010) (citing 15 U.S.C. § 1692g(a)).

The plain language of Section 1692g does not require the debt collector to ensure actual receipt of the written notice, but it does require the debt collector to send the written notice to a valid and proper address where the consumer may actually receive the notice. *Ponce*, 467 F. App'x at 807–08. Absent proof of mailing, such as certified mail, evidence of routine business mailing practices is sufficient to show that an item was mailed. *United States v. Henry*, 920 F.2d 875, 877

---

[2] Under Section 1692g, "a second letter is required only if the initial debt collection letter does not provide required debt verification information." *Maloy*, 64 F.3d at 608.

(11th Cir. 1991); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005); *see also Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) (finding the creditor's standard business practice sufficient to show the mailing of a validation-of-debts notice under Section 1692g(a)).

At trial, Old Republic's judicial collections manager, Frank Lin, testified regarding Old Republic's routine mailing practices, which he testified have remained largely unchanged for several years. Indeed, although Mr. Lin became employed by Old Republic in 2011, he testified that he conferred with employees employed in 2009 who confirmed that the same mailing practices were in effect in 2009. Specifically, Mr. Lin testified that Old Republic maintains standard operating procedures, which apply to incoming and outgoing mail. As it relates to mailing letters to debtors, Mr. Lin testified that Old Republic's system generates a letter, which is then placed in a queue, printed, and placed into envelopes the following day. The software used by Old Republic to generate letters inserts a standard or form body of text based on the purpose of the letter.

Additionally, Mr. Lin testified that Old Republic maintains electronic records for its debtor accounts, which show the account activity and collection efforts made on each account. These electronic records include a mailing log, which shows when letters are mailed and when telephone calls are placed to debtors, as well as receipts of payment and mail returned as undeliverable. Upon review of Ms. Ebanks's account, Mr. Lin testified that he identified an initial communication letter dated March 25, 2009. He was able to identify the letter as an initial communication based on the standard body of the letter, which is used in all initial communications with a debtor. The letter was addressed to Ms. Ebanks's home address at 2500 Winding Creek Boulevard. (Def.'s Ex. 9.) At trial, Ms. Ebanks did not deny that she was living on Winding Creek Boulevard in March 2009. Additionally, the letter contained the amount due; the name of the creditor to whom the amount

was owed; and the procedures regarding disputing the debt, obtaining verification of the debt, and contacting the original creditor. (Def.'s Ex. 9.)

According to Mr. Lin, Ms. Ebanks's account did not show that any mail was returned as undeliverable. Ms. Ebanks offered no evidence that Old Republic failed to follow its routine mailing practice in sending her the March 25, 2009, letter. She simply stated that she did not receive the letter. Additionally, Ms. Ebanks's inability to identify the specific date on which the initial communication occurred weighs against her credibility, especially in light of the evidence presented by Old Republic regarding the March 25, 2009, letter. Therefore, upon consideration, the Court concludes that Old Republic sent the required validation-of-debts notice to Ms. Ebanks as required by Section 1692g(a) in its initial communication with Ms. Ebanks. Additionally, the contents of the March 25, 2009, letter complied with the requirements set forth in Section 1692g(a). But, even if the Court were to find that the March 25, 2009, letter was not the initial communication with Ms. Ebanks or that the letter was sent after the statutory five-day period, Ms. Ebanks's claim would still be barred by the one-year statute of limitations based on the violation having occurred in 2009.

Accordingly, it is **ORDERED** that judgment be entered in favor of Defendant, Old Republic Equity Credit Services, Inc. The Clerk is directed to enter judgment in favor of Old Republic and thereafter close this case. Defendant's Motion for Directed Verdict (Dkt. 56) is **DENIED** as moot.

**DONE** and **ORDERED** in Tampa, Florida, on December 16, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record